NO. 07-08-0078-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2008
______________________________

IN THE MATTER OF THE MARRIAGE OF STEVEN PAUL AZZINARO
AND JOY P. AZZINARO AND IN THE INTEREST OF A.S.A., A CHILD
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2004-526,476; HONORABLE DRUE FARMER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION TO DISMISS
Â Â Â Â Â Â Â Â Â Â Appellant, Joy Patrice Azzinaro, has filed a motion to dismiss this appeal because
she no longer wishes to pursue it. No decision of this Court having been delivered to date,
we grant the motion. Accordingly, the appeal is dismissed. Tex. R. App. P. 42.1(a)(1). All
costs related to this appeal are assessed against appellant. No motion for rehearing will
be entertained and our mandate will issue forthwith.




Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice






emiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00220-CR

Â 

IN
THE COURT OF APPEALS

Â 

FOR
THE SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL
D

Â 



MAY 17, 2010

Â 



Â 

GAIL ANNE SANGSTER,  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

v.

Â 

THE STATE OF TEXAS,Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

_____________________________

Â 

FROM THE 100TH DISTRICT
COURT OF CARSON COUNTY;

Â 

NO. 4152; HONORABLE STUART MESSER,
PRESIDING

Â 



Â 

Memorandum
Opinion

Â 



Â 

Before QUINN, C.J., and CAMPBELL and
PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Gail
Anne Sangster was convicted after a jury trial of possession of marijuana in an
amount of 2,000 pounds or less but more than 50 pounds.Â  On appeal, she challenges the trial courtÂs denial
of her motion to suppress claiming she was unreasonably detained after the
purpose of the traffic stop had ended.Â 
We affirm the judgment. 

Â Â Â Â Â Â Â Â Â Â Â  Background

Â Â Â Â Â Â Â Â Â Â Â  On
May 19, 2008, appellant was driving a red Chevrolet Impala east on Interstate
40 when she was stopped for traveling 73 m.p.h. in a
70 m.p.h. zone.Â  In the course of the
traffic stop, Trooper Robert Dollar discovered that appellant was driving a
rental car one way from Tucson, Arizona, to Atlanta, Georgia.Â  Appellant and her passenger also exhibited
excessive nervousness.Â  Additionally, the
purpose and itinerary of the trip as related by appellant and her passenger
were inconsistent.Â  

After the officer had written a
warning ticket to appellant, he asked if he could pose several more questions. Appellant
responded affirmatively. After asking questions relating to the baggage in the
car and whether they were carrying contraband, the officer requested consent to
search the vehicle.Â  Appellant told the
officer he would need to request permission from her passenger who refused
consent.Â  The parties were then detained
an additional six minutes for the arrival of a drug dog who alerted on the
trunk of the vehicle.Â  

Â Â Â Â Â Â Â Â Â Â Â  Standard of Review

Â Â Â Â Â Â Â Â Â Â Â  We review the trial courtÂs
ruling on a motion to suppress under the standard discussed in Ford v. State, 158 S.W.3d 488 (Tex.
Crim. App. 2005).Â  It requires that we
give great deference to the trial courtÂs interpretation of historical facts
and assessment of the witnessesÂ credibility.Â 
Id. at 493.Â  However, we need not do the same with respect
to application of the law to the facts, which we consider de novo. Â Neal v. State, 256 S.W.3d 264, 281 (Tex.
Crim. App. 2008), cert. denied, ___U.S.
___, 129 S.Ct. 1037, 173 L.Ed.2d 471 (2009).
Â 

Â Â Â Â Â Â Â Â Â Â Â  Applicable Law

Â Â Â Â Â Â Â Â Â Â Â  Law enforcement personnel may
briefly detain and investigate a person when they have reasonable suspicion
that the person is involved in criminal activity.Â  State
v. Sheppard, 271 S.W.3d 281, 287 (Tex. Crim. App. 2008).Â  An officer has authority to stop and detain a
vehicle when he witnesses a traffic violation.Â 
Whren v. United States, 517
U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996).Â  Moreover, in a routine traffic stop, an officer
may request certain information from a driver, such as a driverÂs license and
car registration, and may conduct a computer check on that information.Â  Kothe v. State, 152 S.W.3d 54, 63-64 (Tex. Crim. App. 2004).Â  The officer may also ask the occupants of the
vehicle about their destination and the purpose of their trip.Â  Strauss
v. State, 121 S.W.3d 486, 491 (Tex. App.ÂAmarillo 2003, pet. refÂd).Â  Once the purpose of the stop has been
effectuated, the officer may still ask if the occupants possess illegal
contraband and solicit consent to search.Â 
Id.Â  However, if consent is denied, the
detention must cease, id., unless
information the officer learns in the course of the traffic stop provides him
with reasonable suspicion that another offense has been or is being committed. Â Sieffert v. State, 290 S.W.3d 478, 483 (Tex. App.ÂAmarillo 2009, no
pet.).Â  Reasonable suspicion is
determined from a totality of the circumstances.Â  Kothe
v. State, 152 S.W.3d at 63.Â  Â Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Application
of Law to Facts

Â Â Â Â Â Â Â Â Â Â Â  The
legality of the initial stop of appellantÂs vehicle is not challenged. It is
the continued detention after the warning ticket had been written which appellant
argues was improper.Â  Therefore, we must
determine whether the officer had reasonable suspicion of criminal activity
upon which to further detain the couple.[1]Â  

Â Â Â Â Â Â Â Â Â Â Â  Dollar
was the only witness at the suppression hearing.Â  He testified that 1)Â  appellant was driving a one-way rental car from
Tucson to Atlanta, 2) from his training and experience, one-way car rentals are
a common trend in criminal activity, 3) from his training, he knows that Tucson
is a known origin of narcotics and Atlanta is a known destination for narcotics
or illegal contraband, 4) during his initial contact, appellantÂs hands were
shaking and she avoided his eyes, 5) the passenger also showed signs of
nervousness such as shaking hands, avoiding eye contact, labored breathing, and
slouched demeanor, 6) the passengerÂs explanation of the purpose of his trip
was recited as if it was prefabricated, 7) the passenger stated they were
originally going to California to sell a truck and a trailer they were driving,
the truck broke down in Tucson and it was too expensive to fix so they left it,
they decided to return to Georgia instead of going on to California, and they
were going to visit his family in Nashville first and then fly to Georgia, 8)
appellant stated the passenger was her boss and they and some friends were
driving to California to sell trucks that were already in California but their
Âsmall carÂÂ  broke down in Tucson, 9)
appellant was unable to provide even a first name of the friends with whom they
were traveling, 10) appellant explained they had not flown on to California
from Tucson with their friends because her boss did not like to fly even though
her boss had stated they would fly from Nashville to Atlanta, 11) appellantÂs
nervousness continued to increase throughout the traffic stop even though
Dollar informed her she would only receive a warning and her arms and hands
were shaking, her face was twitching uncontrollably, and she was sweating
profusely, 12) the passengerÂs nervousness also increased during the course of
the stop, and 13) when Dollar asked appellant if she was carrying marijuana,
she looked at the floor and would not answer orally but she laughed and said
ÂnoÂ when he asked if she was carrying methamphetamine or cocaine. 

Â Â Â Â Â Â Â Â Â Â Â  While
nervousness alone is not sufficient to establish reasonable suspicion of
criminal activity, it is a factor that may be considered.Â  State
v. Wilson, 295 S.W.3d 759, 762 (Tex. App.ÂEastland 2009, no pet.); Green v. State, 256 S.W.3d 456, 462
(Tex. App.ÂWaco 2008, no pet.).Â  Moreover,
we do not simply have common nervousness before us; that exemplified by
appellant tended to border on extreme given profuse sweating despite the
trooperÂs efforts to calm her.Â  We also
have inconsistencies in the stories provided the trooper, which is also a relevant
indicia.Â  See Estrada v. State, 30 S.W.3d 599, 603 (Tex. App.ÂAustin 2000,
pet. refÂd).Â  To this we add evidence of the
one-way car rental which is a known means of transportation of illegal
contraband between destinations known to be origins and destinations for drugs,
a rental car required to be dropped off in Atlanta but which one of the parties
claimed would be dropped off in Nashville, the inconsistent stories of the
driver and passenger as to the type of vehicle they drove to Tucson and why
they had not continued on with their friends to California, and the inability
of the driver to provide any names of the persons with whom she claimed to have
traveled cross-country combined to give the trooper reasonable suspicion to
further detain appellant and her passenger.Â 
See Madden v. State, 242
S.W.3d 504, 516-17 (Tex. Crim. App. 2007) (finding reasonable suspicion for
detention for a drug dog to arrive when there were two Florida cars appearing
to travel as a convoy, the driver employed diversionary tactics, the vehicle
was an overdue rental car, the driver provided inconsistent stories about the
nature of his trip and destination, and he exhibited nervousness).Â  

Â Â Â Â Â Â Â Â Â Â Â  

In sum, we cannot say that the trial
court erred in denying the motion to suppress.Â 
Its judgment is affirmed. 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Â 

Do not publish.











[1]Appellant
filed a request for findings of fact and conclusions of law which the trial
court did not enter.Â  However, the
failure to do so has not been raised on appeal, and the trial court stated on
the record the basis of its ruling.Â